Scarburg, J.
delivered the opinion of the Court.
• Upon the question of jurisdiction there can be no difficulty. Although the statute, for a violation of which this prosecution was instituted, authorizes a prosecution in the County or Corporation Courts, yet we are of opinion that this does not exclude the jurisdiction of the Circuit Courts. And, moreover, the fifth section of the statute, 1 Rev. Code, ch. 75, p. 265, gives the Circuit Court jurisdiction in this case.
According to the plain words of the act, under which this prosecution was had, one of the offences created by it, is, for any person, on purpose, maliciously or contemptuously, to disquiet or disturb any congregation assembled in any church, meeting-house, or other place for religious worship. Its language is: “ If any person shall, on purpose, maliciously or contemptuously, dis *627 quiet or disturb any congregation assembled in any • church, meeting-house, or other place of religious worship,” &c, 1 Rev. Code, ch. 141, p. 555. The object of the law was to protect congregations assembled for religious worship from insult and outrage, and to secure them against any encroachment upon their religious privileges. If assembled for religious worship, it is an of-fence against the statute, on purpose, maliciously or contemptuously to disquiet or disturb them. But a congregation assembled at a church, or other place where divine worship is wont to be had, is not protected by this act, unless so assembled for the purpose of religious toorship. But there is nothing, either in the language, or in the spirit and intention of the law, to justify the construction that the disturbance contemplated by it can only occur during divine service. It may occur during service, and is then certainly an offence against the statute ; but it is equally an offence, when it occurs either before or after service, provided the congregation be assembled for religious worship.
The only portion of our act, from which a different construction might be inferred, is that which provides that the offender “ may be put under restraint during religious worship.” This has been relied upon to shew that there is error in the instructions given by the Circuit Court in this case; but it surely cannot have that effect. The offences created by our act are defined in the preceding part of it, and this provision plainly refers exclusively to the mode of prosecution. And such a provision was obviously proper and necessary, in order to carry out as fully as practicable the great objects of that protection to congregations assembled for religious worship, which it was the design of the statute to afford. Its sole purpose, doubtless, was to authorize the restraint of the party offending, and a suspension of further action against him during worship, that the services might be interrupted as little as possible. By vir *628 tue of this provision, the party offending may be put under restraint during divine worship, the worship may still go on, and the further prosecution of the offender be attended to after the services, in which the congregation may be engaged at the time of the commission of the offence, may be closed. But it would be a strained construction, which would, under the influence of this provision, restrict the operation of the statute to disturbances during religious worship.
Our act is almost an exact transcript of the Toleration Act of William and Mary, ch. 18, $ 18.' It seems to have been copied from it, leaving out the words “ come into.” The Com. v. William Daniels, 2 Va. Ca. 402. The precedents of indictments under the act of William and Mary, always contain an averment that the congregation was met and assembled for religious worship. 2 Chitty’s Cr. L. 24-5-6-7. And in some of the English precedents we find an averment that the disturbance was committed “ during the time of divine worship,” or “ during the performance and celebration of divine service;” whilst in others, it is wholly omitted. This is done to meet the particular circumstances of each case. If the act be committed during divine service, then it may be so averred in the indictment; but if not so committed, then it is not, and ought not to be, so averred. But if it were necessary in all cases to prove that the disturbance occurred during religious worship, it would, we presume, in all cases be necessary so to aver it in the indictment. Taking these precedents, then, as authority for the construction, which has been placed upon the statute of William and Mary by the English Courts, the inference is plain, that they do not hold it to be necessary that the disturbance should take place during divine service, but that it may occur at some other'time, provided that be whilst the congregation is assembled for worship, and is equally punishable in the one case as in the other, under the statute.
*629 We are, therefore, of the opinion, that the Circuit Court of Fluvanna, has jurisdiction of this case, .and that the judgment ought not to be arrested.
And we are further of the opinion, that there is no error in the instructions given by the Circu.it Court in this case. Which is ordered to be certified, &c.